## IN THE UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons,* JANE DOE-1, *a law enforcement officer,* JANE DOE-2, *a law enforcement officer,* EDWIN MALDONADO, SCOTT MALONEY, JUSTYNA MALONEY, PATRICK COLLIGAN, PETER ANDREYEV, AND WILLIAM SULLIVAN,<br><br>Plaintiffs,<br><br>v.<br><br>CLARITAS, LLC, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>Defendants. | Case No.: |

## NOTICE OF REMOVAL

To: Clerk
    United States District Court for the District of New Jersey
    Martin Luther King Building & U.S. Courthouse
    50 Walnut Street
    Newark, New Jersey 07101

C L E R K:

PLEASE TAKE NOTICE that Defendant Claritas, LLC ("Defendant" or "Claritas"), by and through its attorneys, Gordon Rees Scully Mansukhani LLP, and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, files this Notice of Removal with respect to the case identified as *Atlas Data Privacy Corporation, et al. v. Claritas, LLC, et al.*, Docket No. BER-L-000868-24 (the "State

Court Action"), from the Superior Court of New Jersey, Law Division, Bergen County. In support of this Notice of Removal, Defendant states as follows:[1]

**Timeliness of Removal**

1. On February 8, 2024, Plaintiff Atlas Data Privacy Corporation ("Plaintiff" or "Atlas"), as the assignee of individuals who are "Covered Persons" under Daniel's Law, P.L. 2023, c. 113, N.J.S.A. 56:81166.1 ("Daniel's Law"), along with various law enforcement officers, filed a Complaint with the Clerk of the Superior Court of New Jersey, Law Division, Bergen County. True and correct copies of the Complaint, initiating service documents, and State Court docket sheet are annexed hereto collectively as **Exhibit A**.

2. Defendant has filed no pleadings in the State Court Action.

3. Defendant was served with the Complaint on February 22, 2024.

4. Because Defendant has filed this Notice of Removal within thirty (30) days of service, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) and Federal Rule of Civil Procedure 6(a)(1)(C).

**Basis for Removal**

5. The basis for removal is diversity of citizenship under 28 U.S.C. § 1332. *First*, complete diversity of citizenship exists.

6. Atlas alleges that it is a Delaware Corporation with offices at 201 Montgomery Street, Suite 263, Jersey City, NJ 07302. Compl. ¶ 25. "A corporation is a citizen both of the state where it is incorporated and of the state where it has its principal place of business." *Rose v. Mattress Firm, Inc.*, No. 21-1560, 2021 WL 4520647, at *1 (3d Cir. Oct. 4, 2021) (quoting *Lincoln*

---

[1] In making this removal, Defendant does not concede the allegations in the Complaint, or that the its allegations can surmount the pleading standard set forth in *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007); and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

*Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015)).  Thus, Atlas has alleged that it is a citizen of the States of Delaware and New Jersey.

7.  The Complaint alleges that Plaintiffs Jane Doe-1, Patrick Colligan, Scott Maloney, Justyna Maloney, Peter Andreyev and Edwin Maldonado are police officers working in New Jersey.  Compl. ¶ 15-24.  As a matter of law "[e]very member of a police department and force shall be a resident of the State of New Jersey while serving in such position."  N.J.S.A. 40a:14-122.8.[2]  The Complaint alleges that Plaintiffs Jane Doe-2 and William Sullivan are correctional police officers.  *See id.; see also Juvelis v. Snider*, 68 F.3d 648, 654 (3d Cir. 1995) (persuasive evidence of one's residence includes "place of employment…and civic life in a jurisdiction").[3]

8.  Claritas is and, at the time of the commencement of this action, was a limited liability company formed under the laws of the State of Delaware, with its corporate headquarters and principal place of business in Ohio.  The citizen of a limited liability company is determined by the citizenship of its members.  *See Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 430 (3d Cir. 2010).  Claritas is a limited liability company which is wholly owned by Claritas Holdings, Inc.  Claritas Holdings, Inc. is, and at the time of the commencement of this action was, a corporation formed under the laws of the State of Delaware, with its corporate headquarters and

---

[2] This statute does not define "residency."  But the definition of "residency" is addressed in a separate residency requirement that covers "[e]very person holding an office, employment, or position in…the Executive, Legislative, or Judicial Branch of this State,…with an authority, board, body, agency, commission, or instrumentality of the State, [or]…with a county, municipality, or other political subdivision of the State."  N.J.S.A. 52:14-7a.  That statute establishes that residency" is akin to citizenship, requiring New Jersey to be the individual's "principal residence," meaning "the state (1) where the person spends the majority of the person's nonworking time, and (2) which is most clearly the center of the person's domestic life, and (3) which is designated as the person's legal address and legal residence for voting."  *Id.*  Notably, Daniel's Law also covers judges and prosecutors who would be subject to this requirement.

[3] In view of Daniel's Law, the Complaint does not state where these individual plaintiffs reside.

principal place of business in Ohio. Thus, Claritas is considered a citizen of the States of Ohio and Delaware.

6. Although Atlas is, like Claritas, registered in Delaware, Atlas's Delaware registration is immaterial to the diversity of citizenship analysis because Atlas is a mere purported assignee of claims by New Jersey citizens. *See* Compl. ¶ 26.

7. Given that Atlas likely is a partial assignee, with some rights (financial, injunctive, or otherwise) still held by the assignors as the true claimants, *see* Compl., Prayer for Relief (requesting relief on behalf of covered persons that would not benefit Atlas), this Court may disregard Atlas's citizenship in assessing diversity. *See, e.g., Attorneys Trust v. Videotape Computer Products, Incorporated*, 93 F.3d 593, 597 (9th Cir. 1996); *Grassi v. Ciba-Geigy, Limited*, 894 F.2d 181, 185 (5th Cir. 1990).

8. While the Complaint does not specify whether all assignments at issue here were partial or complete, Claritas plausibly alleges here that the assignments likely were partial because the 19,337 assignors are unlikely to have assigned their rights (including to financial recovery and to injunctive relief to their benefit) completely to Atlas. Compl. ¶ 26.

9. From the face of the pleadings and under the applicable legal standard, it is clear that Atlas's citizenship should be disregarded, that diversity of citizenship exists, and that removal is proper.

10. To the extent the Court believes that the citizenship of the 19,337 assignors is relevant to the diversity analysis, Claritas notes that all of the assignors purportedly are "covered persons" under Daniel's Law who should, pursuant to New Jersey law, be citizens of New Jersey. *See* N.J.S.A. 40A:14-122.8; N.J.S.A. 52:14-7a.

11. Moreover, nothing in the Complaint suggests that any of the assignors is a citizen of Delaware or Ohio, whereas Claritas is a citizen.

12. Thus, complete diversity of citizenship exists pursuant to 28 U.S.C. § 1332.

13. *Second*, while Defendant denies any liability as to Plaintiff's claims, Plaintiff's Complaint plausibly alleges that the amount in controversy in this matter exceeds $75,000.00, exclusive of interest and costs, as required by 28 U.S.C. § 1332(a).

14. Here, Plaintiff asserts claims against Defendant as the assignee of "**approximately 19,337 individuals**…including a significant number of individuals who are family members of judges, law enforcement officers, and prosecutors. Compl. ¶ 26 (emphasis added).

15. Plaintiff seeks to recover actual damages, not less than liquidated damages as allowed under Daniel's Law, at "$1,000 for each violation." *See* Compl. ¶ 50.

16. The Complaint does not specify or attempt to quantify the exact number of alleged violations. However, assuming one (1) violation for each "Covered Person" as defined in the Complaint, the cumulative exposure at $1,000 per each alleged violation exceeds the $75,000 jurisdictional threshold under 28 U.S.C. § 1332(a).

17. Further, Plaintiff seeks to recover attorneys' fees as allowed under Daniel's Law. "With regard to the amount-in-controversy, an award of attorneys' fees also must be included as part of that determination where such an award is provided for by statute." *Thompson v. Travelers Indemnity Co.*, No. 23-cv-02630, 2024 WL 340933, at *2 (D.N.J. Jan. 30, 2024); WRIGHT & MILLER, 14A FED. PRAC. & PROC. JURIS. § 3704.2 (4th ed.) (observing that "[i]f a state statute allows an award of attorneys' fees…the prospect of those fees being awarded can be factored into the amount in controversy.").

18. Finally, Plaintiff also seeks to recover punitive damages as allowed under Daniel's Law. Accordingly, the Court must also consider Plaintiffs' request for punitive damages in determining the amount in controversy. *Hirsch v. Jewish War Veterans of Am.*, 537 F. Supp. 242, 244 n.3 (E.D. Pa. 1982) (asserting that punitive damages must be taken into account where recoverable under state law).

19. In sum, even if Plaintiff were not seeking recovery for violation(s) on behalf of all 19,337 "Covered Persons" as set forth in the Complaint, the amount of actual/liquidated damages, attorneys' fees, and punitive damages for the eight (8) named Plaintiffs alone would – if proven – exceed the jurisdictional threshold of $75,000 if Plaintiff were to prevail at trial (which Defendant vehemently denies).

20. Therefore, because diversity of citizenship exists under 28 U.S.C. § 1332(a)(1) and the amount in controversy exceeds $75,000, as required by 28 U.S.C. § 1332(a), this case falls within the original jurisdiction of this Court and is subject to removal on diversity grounds.

21. This Notice of Removal is being filed in the United States District Court for the District of New Jersey, Newark Vicinage, because this is the District where the State Court Action is pending. 28 U.S.C. § 1441(a).

22. Pursuant to 28 U.S.C. § 1446, Defendant will file written notice of the filing of this Notice of Removal, together with a copy of the Notice of Removal, with the Clerk of the Superior Court of New Jersey, Bergen County, Law Division. Defendant will also serve a copy of the notice filed with the Superior Court of New Jersey on counsel for Plaintiffs.

23. By filing this Notice of Removal, Defendant does not waive any defenses available at law, in equity, or otherwise.

**WHEREFORE**, Defendant respectfully requests that the above-referenced civil action proceed in the United States District Court for the District of New Jersey, Newark Vicinage, as an action properly removed thereto.

Dated: March 25, 2024

Respectfully submitted,

By: */s/ Douglas E. Motzenbecker*
**GORDON, REES, SCULLY & MANSUKHANI LLP**
Douglas E. Motzenbecker, Esq.
Joseph Salvo, Esq. (*pro hac vice* forthcoming)
John Mills, Esq. (*pro hac vice* forthcoming)
Bianca Evans, Esq. (*pro hac vice* forthcoming)
18 Columbia Turnpike – Suite 220
Florham Park, New Jersey 07932
1-973-549-2500 (main)
1-973-549-2514 (direct)

dmotzenbecker@grsm.com
jsalvo@grsm.com
jtmills@grsm.com
bevans@grsm.com

*Attorneys for Defendant Claritas, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on March 25, 2024, a true and correct copy of Defendant's Notice of Removal With Exhibit A, Civil Cover Sheet, and Diversity Jurisdiction Form, were electronically filed with the Clerk of the District Court and served upon counsel for Plaintiff at the following address of record via FedEx overnight mail, postage prepaid:

>Rajiv D. Parikh, Esq.
>Kathleen Barnett Einhorn, Esq.
>GENOVA BURNS LLC
>494 Broad Street
>Newark, New Jersey 07102
>
>John A. Yanhunis, Esq.
>Ryan J. McGee, Esq.
>201 North Franklin Street, 7th Floor
>Tampa, Florida 33602

>*/s/ Douglas E. Motzenbecker*
>Douglas E. Motzenbecker

Dated:  March 25, 2024